```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
RONALDO PABELLO, et al.,            :
                Plaintiffs,         :   11 Civ. 2267 (HBP)
     -against-                      :   OPINION
                                        AND ORDER
CARLTON CLEANERS,                   :
                Defendant.          :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

  This matter is before me for an inquest with respect to defendant Carlton Cleaners. Plaintiffs commenced this action against defendant on April 1, 2011 alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA") and the New York Labor Law, §§ 650 et seq. ("NYLL"). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

  Defense counsel withdrew from this matter on April 19, 2013 (Endorsed Order, dated Apr. 19, 2013 (Docket Item ("D.I.") 33)). To date, defendant has never obtained new counsel. On October 17, 2013, I issued a scheduling Order setting the matter for trial for November 4, 2013 and ordering the parties to appear (Scheduling Order, dated Oct. 17, 2013 (D.I. 34)). A copy of

this order was mailed to Carlton Cleaners at 310 East 23rd Street, New York, New York 10010.

Defendant failed to appear in court on November 4, 2013 and, thus, I struck defendant's answer and ordered plaintiffs "to submit evidentiary material (affidavits and authenticated exhibits) in support of their application for damages and attorney's fees no later than November 17, 2013" (Order, dated Nov. 5, 2013 (D.I. 36)).

Plaintiffs timely submitted affidavits from Ronaldo Pabello, Guillermo Suarez and Moises Perez on November 15, 2013 (Affidavit of Ronaldo Pabello, dated Nov. 15, 2013 (D.I. 37) ("Pabello Aff."); Affidavit of Guillermo Suarez, dated Nov. 15, 2013 (D.I. 37) ("Suarez Aff."); Affidavit of Moises Perez, dated Nov. 15, 2013 (D.I. 37) ("Perez Aff.")).

To date, defendant has not submitted any materials with respect to this inquest or contacted my chambers in anyway. Accordingly, on the basis of plaintiffs' submissions alone, I make the following findings of fact and conclusions of law.

II. Findings of Fact[1]

   A. The Parties

   1. Plaintiffs Ronaldo Pabello, Guillermo Suarez and Moises Perez are former employees of Carlton Cleaners (First Amended Complaint, dated Sept. 12, 2011 (D.I. 4) ("Am. Compl.") ¶ 2).

   2. Defendant Carlton Cleaners is a domestic corporation organized under the laws of the State of New York with its principal place of business at 310 East 23rd Street, New York, New York 10010 (Am. Compl. ¶ 3).

   B. Plaintiffs' Employment with Carlton Cleaners

   3. Defendant employed plaintiff Pabello as a clerk from approximately April 2008 until approximately April 2011 (Pabello Aff. ¶¶ 3, 5-6). For the entirety of his employment, Pabello worked 72 hours per week and was paid $400 per week (Pabello Aff. ¶ 5).

---

[1] As a result of defendant's default, all the allegations of the complaint, except as to the amount of damages, must be taken as true. Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158-59 (2d Cir. 1992); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69-70 (2d Cir. 1971), rev'd on other grounds sub nom., Hughes Tool Co. v. Trans World Airlines, Inc., 409 U.S. 363 (1973).

4. Defendant employed plaintiff Suarez as a clerk from approximately April 2008 until approximately April 2011 (Suarez Aff. ¶¶ 3, 5-6). For the entirety of his employment, Suarez worked 72 hours per week and was paid $400 per week (Suarez Aff. ¶ 5).

5. Defendant employed plaintiff Perez as a delivery person from approximately April 2008 until approximately April 2011 (Perez Aff. ¶¶ 3, 5-6). For the entirety of his employment, Perez worked 72 hours per week and was paid $400 per week (Perez Aff. ¶ 5).

6. None of the above named plaintiffs were ever paid overtime premium pay, i.e., time and a half, as required by state and federal law, for the hours that each worked in excess of 40 hours per week (Am. Compl. ¶ 3).

III. Conclusions of Law

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because plaintiffs allege a violation of a federal statute -- the FLSA. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) with respect to plaintiffs' NYLL claims because they are part of the "same case or controversy" as their FLSA claims and arise out of the same facts. 28 U.S.C. § 1367(a).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to plaintiffs' claims occurred in this district.

9. As a result of its answer being stricken, defendant is in default. As noted in footnote 1, by virtue of defendant's default, its liability is established.

10. Under the FLSA, an employee plaintiff generally "has the burden of proving that he performed work for which he was not properly compensated." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded on other grounds by 29 U.S.C. §§ 251, et seq.; accord Santillan v. Henao, 822 F. Supp. 2d 284, 293-94 (E.D.N.Y. 2011). However, "employees seldom keep . . . records [of hours worked] themselves." Anderson v. Mt. Clemens Pottery Co., supra, 328 U.S. at 687. Accordingly, the FLSA requires that an employer "make, keep, and preserve . . . records of the persons employed by him and of the wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c). In default situations such as this one, if the defendant employer does not maintain proper time or payroll records, he essentially deprives "plaintiff of the necessary employee records required by the FLSA, thus hampering plaintiff's ability to prove his damages." Santillan v. Henao, supra, 822 F. Supp. 2d at 294. Accordingly, the Supreme Court has held that "an employee has carried out his burden if he proves that he has in fact performed

work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., supra, 328 U.S. at 687; accord Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002), abrogated on other grounds, Slayton v. American Exp. Co., 460 F.3d 215 (2d Cir. 2006).

11. In light of the holding in Mt. Clemens Pottery Co., courts in this Circuit have routinely found that where a defendant employer defaults, a plaintiff may sustain his burden of proof "'by relying on his recollection alone.'" Martinez v. Alimentos Saludables Corp., 16-cv-1997 (DLI)(CLP), 2017 WL 5033650 at *12 (E.D.N.Y. Sept. 22, 2017), quoting Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) (Sand, D.J.); see also Park v. Seoul Broad. Sys. Co., 05 Civ. 8956 (BSJ)(DFE), 2008 WL 619034 at *7 (S.D.N.Y. Mar. 6, 2008) (Jones, D.J.) (holding that courts should apply a "special burden-shifting standard" where employers fail to comply with this statutory duty of record keeping).[2]

---

[2] Plaintiff's burden of proof to establish proper damages is nearly identical under the NYLL. See N.Y. Lab. Law § 195(4) (requiring employers to maintain "payroll records showing the hours worked, gross wages, deductions and net wages for each employee"); Marin v. JMP Restoration Corp., 09-cv-1384 (CBA)(VVP), 2012 WL 4369748 at *6 (E.D.N.Y. Aug. 24, 2012) (Report & Recommendation), adopted at, 2012 WL 4364671 (E.D.N.Y. Sept. 24, 2012) (to determine damages under the NYLL, courts
(continued...)

6

12. All plaintiffs have submitted affidavits attesting to the number of hours they worked at Carlton Cleaners with specificity and the wages they were paid. Given defendant's default in this action, defendant's lack of compliance with federal statutes governing record keeping practices and the deferential legal standards set forth above, plaintiffs have sustained their burden of proof.

A. Minimum Wage Damages

13. Plaintiffs seek damages under a minimum wage claim. An employer who fails to meet minimum wage obligations under the FLSA and the NYLL "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); see also 12 N.Y.C.R.R. § 143-1.3.

14. Plaintiffs allege that they worked an average of 72 hours per week and were paid $400 per week for the entirety of their employment (Pabello Aff. ¶ 5; Suarez Aff. ¶ 5; Perez Aff. ¶ 5). Because "[u]nder both the FLSA and NYLL . . . there is a presumption that such a weekly salary covers only the first forty hours" of work per week, plaintiffs were paid an effective hourly rate of $10.00. Guallpa v. N.Y. Pro Signs Inc., 11 Civ. 3133

---

²(...continued)
should use "the same burden-shifting scheme employed in FLSA actions").

(LGS)(FM), 2014 WL 2200393 at *3 (S.D.N.Y. May 27, 2014) (Maas, M.J.) (Report & Recommendation), adopted at, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014) (Schofield, D.J.); accord Saldarriaga Saldarriaga v. IND Glatt, Inc., 17-CV-2904 (PKC)(SMG), 2019 WL 1332887 at *3 (E.D.N.Y. Mar. 25, 2009); Perez v. Platinum Plaza 400 Cleaners, Inc., 12 Civ. 9353 (PAC), 2015 WL 13402755 *3 (S.D.N.Y. June 16, 2015) (Crotty, D.J.).

15. The NYLL minimum wage applicable to plaintiffs' employment was $7.15. N.Y. Lab. Law § 652(1). The FLSA minimum wage applicable from April 1, 2008 until July 24, 2008 was $5.85, and then $6.55 from July 25, 2008 until July 25, 2010, and, finally, $7.25 after July 25, 2010. 29 U.S.C. § 206(a)(1). Because plaintiffs made more than both the NYLL and the FLSA minimum wage during their employment and are not entitled to any minimum wage damages.[3]

### B. Overtime Damages

16. Plaintiffs also allege violations of the FLSA and the NYLL arising out of defendant's failure to pay them overtime premium pay for all hours worked in excess of 40 hours per week. Both the FLSA and the NYLL require employers to pay overtime

---

[3] While plaintiffs correctly argue that their actual hourly rate of pay was $10.00, they incorrectly calculate their minimum wages damages to be $27,768 and their overtime premium pay damages to be $47,174.40 (Pabello Aff. ¶¶ 8-10; Suarez Aff. ¶¶ 8-10; Perez Aff. ¶¶ 8-10).

wages, equal to one and one-half the employee's regular salary, for every hour worked in excess of 40 hours in any given week. 29 U.S.C. § 207(a); N.Y. Lab. Law § 651; 12 N.Y.C.R.R. § 142-2.2. The method for calculating overtime under both statutes is the same, and a plaintiff is not entitled to receive double damages. Martinez v. Alimentos Saludables Corp., supra, 2017 WL 5033650 at *15. A plaintiff must plead sufficiently detailed information to "support a reasonable inference that [he] worked more than 40 hours a week." Kleitman v. MSCK Mayain Olam Habba Inc., 11-cv-2817 (SJ), 2013 WL 4495671 at *4 (E.D.N.Y. Aug. 20, 2013).

17. Plaintiffs allege that they worked 32 overtime hours per week for the entirety of their employment (Pabello Aff. ¶ 5; Suarez Aff. ¶ 5; Perez Aff. ¶ 5). Multiplying plaintiffs' actual hourly rate of pay of $10.00 by 1.5, plaintiffs were entitled to a premium pay of $15.00 for each hour worked in excess of 40 hours per week. Multiplying this premium pay rate by 32 overtime hours per week, yields a total of $74,880.00 in unpaid overtime damages for each of the plaintiffs, calculated as follows:

Pay period 04/01/2008 to 04/01/2011:
156 weeks of work x 32 O/T hours x $15.00 =          **$74,880.00**

    C.   Liquidated Damages

18. In addition to compensatory damages, plaintiffs also seek to recover liquidated damages. Under the FLSA, an

employee can collect 100% of his total unpaid wages as liquidated damages. See 29 U.S.C. § 216(b).[4] Thus, each plaintiff is also entitled to $74,880.00 in liquidated damages.

IV. Conclusion

Accordingly, each of the three plaintiffs are entitled to recover $74,880.00 in unpaid overtime premium pay and $74,880.00 in liquidated damages for a total of $149,760.00 per plaintiff. The Clerk of the Court is directed to enter judgment in favor of each of the plaintiffs in the amount of $149,760.00 each, for a total $449,280.00. The Clerk of the Court is respectfully requested to mark this matter as closed.

Dated:  New York, New York
        September 27, 2019

                                        SO ORDERED

                                        /s/ Henry Pitman
                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

---

[4] Plaintiffs incorrectly argue that they are entitled to 100% of their unpaid wages as liquidated damages under the FLSA and 25% of their unpaid wages under the NYLL. While plaintiffs may recover liquidated damages under the "law providing the greatest recovery" for plaintiffs, see Bhagwat v. Queens Carpet Mall, Inc., 14-cv-5475 (ENV)(PK), 2018 WL 4921637 at *9 (E.D.N.Y. Sept. 12, 2018) (citation omitted) (Report & Recommendation), adopted at, 2018 WL 4941771 (E.D.N.Y. Oct. 11, 2018), plaintiffs may not receive double liquidated damages under both statutes. Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018); Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59, 60-61 (2d Cir. 2016).

Copy transmitted to:

Counsel for plaintiffs


Copy mailed to:

Carlton Cleaners
310 East 23rd Street
New York, New York  10010